**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. LUCIANO, Jr., Trustee of The Robert A. Luciano Jr. Revocable Trust Dated February 27, 1995, | No. 14-16167 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01831-TLN-KJN |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 14, 2016[**]
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges and LAMBERTH,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Plaintiff Robert Luciano, Jr. appeals the district court's summary judgment in favor of the United States and various other federal defendants. We affirm.

Luciano first argues that the Forest Service's denial of his 2007 Small Tract Act Application for a boundary adjustment was arbitrary and capricious. The Forest Service is authorized by 16 U.S.C. § 521d(1) to exchange National Forest lands in certain circumstances, including "parcels of ten acres or less which are encroached upon by improvements occupied or used under claim or color of title." 16 U.S.C. § 521e. The party seeking the boundary adjustment must have had "no advance notice . . . that the improvements encroached or would encroach upon" National Forest land. *Id.* The Forest Service determined that Luciano had advance notice of the encroachment as a result of a 1993 boundary survey that was recorded in Plumas County approximately two years before Luciano purchased his property. The Forest Service's denial of his application was neither arbitrary nor capricious.

Second, Luciano argues that the Forest Service's denial of his proposal to exchange a parcel of land located in the Middle Fork of the Feather River was arbitrary and capricious. The Forest Service has broad discretion to reject land exchange proposals:

> The Secretary is not required to exchange any Federal lands. Land exchanges are discretionary, voluntary real estate transactions between the Federal and non-Federal parties. Unless and until the

2

parties enter into a binding exchange agreement, any party may withdraw from and terminate an exchange proposal at any time during the exchange process.

36 C.F.R. § 254.3(a). The Forest Service determined that it was not interested in giving up acreage that it already owned in exchange for Luciano's land for multiple non-arbitrary reasons: (1) The land was not very accessible, (2) it was littered with old cars, trucks, bulldozers, mining equipment, and likely hazardous materials, (3) it would require extensive environmental impact analyses, and (4) the agency did not have the funding or the human resources to complete the exchange. Luciano's arguments and the Forest Service's scrivener's error in referencing the incorrect land exchange regulation do not undercut these legitimate reasons, nor do they persuade us that the Forest Service failed to consider any factors that it had a duty to consider before rejecting a land exchange proposal. The Forest Service's rejection of Luciano's proposal was not arbitrary and capricious.

Third, Luciano argues that the Forest Service's denial of his land exchange proposal violated the National Forest Management Act, the National Wild and Scenic Rivers Act, the Sierra Nevada Forest Plan, the Plumas National Forest Land Resource Management Plan, and the Forest Service's manual. Although these sources provide broad policy directives that might align with a decision to acquire

3

land in the Middle Fork of the Feather River, Luciano points to no mandatory language that would require the Forest Service to give up existing federal lands in exchange.

Fourth, Luciano argues that the district court abused its discretion when it struck extra-record evidence from the record. "As a general matter, judicial review of agency decisions is limited to the record considered by the agency in making its decision. A court may consider extra-record documents, however, if necessary to determine whether the agency has considered all relevant factors and has explained its decision." *Humane Soc'y of U.S. v. Locke*, 626 F.3d 1040, 1058 (9th Cir. 2010) (internal citation and quotation marks omitted). Because the existing record showed that the Forest Service adequately explained its decision and based its decision on the relevant factors, there was no need for the district court to consider the extra-record evidence. The district court did not abuse its discretion when it struck the challenged evidence.[1]

**AFFIRMED.**

---

[1] Luciano's request for judicial notice, addressed to this court, is granted in part and denied in part. The request regarding Exhibit A is denied as unnecessary. Federal statutes, in this instance the Small Tracts Act, are before the court as law and need not be submitted as evidence. The request regarding Exhibit B, pages from the Plumas National Forest Land and Resource Management Plan, is granted.